IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JAMES EDWARD GREEN, § 
TDCJ #2181082, §
 §
      Plaintiff, §
 §
v. §   CIVIL ACTION NO. H-19-1275
 §
ASSISTANT WARDEN BOOKER, §
et al., §
 §
      Defendants. §

### MEMORANDUM OPINION AND ORDER

    State inmate James Edward Green (TDCJ #2181082) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) regarding the conditions of his confinement. At the court's request Green has supplemented his Complaint with Plaintiff's More Definite Statement ("Plaintiff's MDS") (Docket Entry No. 10). Because Green is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Green was admitted to the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") most recently on March 1, 2018.[1] At the time he filed his Complaint, which is dated March 29, 2019, Green was incarcerated at the Pack Unit in Navasota.[2] Green sues the following defendants who are employed by TDCJ at the Holliday Unit facility in Huntsville, where Green was previously confined: (1) Assistant Warden Booker, (2) Lieutenant Horn, and (3) Sergeant Wallace.[3]

Green reports that he has been confined to a wheelchair with paralysis on the left side of his body since he suffered a stroke in November of 2016.[4] Soon after Green arrived at the Holliday Unit in March of 2018 he complained verbally to each of the defendants about a water leak in his dormitory.[5] On July 20, 2018, Green submitted a formal Step 1 Grievance, stating that the floor in his bunk area was "constantly wet" and that he was "afraid of falling while getting in and out of [his] wheelchair."[6] Assistant

---

[1]Plaintiff's MDS, Docket Entry No. 10, p. 1; Complaint, Docket Entry No. 1, p. 4 (explaining that his previous admissions to TDCJ were in the 1990s). For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2]Complaint, Docket Entry No. 1, pp. 3, 5.

[3]Id. at 3.

[4]Plaintiff's MDS, Docket Entry No. 10, p. 1.

[5]Id. at 2, 4-5.

[6]Step 1 Grievance #2018169302 ("Step 1 Grievance"), Exhibit A to Complaint, Docket Entry No. 1-1, pp. 3-4.

Warden Booker responded to the Step 1 Grievance, noting that a work order to repair "plumbing issues" was promptly opened on July 23, 2018, and that the reported issue was repaired shortly thereafter on August 2, 2018.[7]

Between the time Green filed his Step 1 Grievance on July 20, 2018, and the time the leak was repaired on August 2, 2018, Green fell while trying to get into his wheelchair due to the slippery floor in his dormitory.[8] As a result of the fall, Green was treated at Huntsville Memorial Hospital for "multiple bruises" and a concussion.[9] He now suffers from migraine headaches on a continuing basis.[10]

In his pending Complaint, Green sues Assistant Warden Booker, Lieutenant Horn, and Sergeant Wallace in their official and individual capacities for nominal, compensatory, and punitive damages under 42 U.S.C. § 1983 for negligently creating or failing to remedy "unsafe and dangerous living conditions" in his dormitory.[11] Green also includes a state law negligence claim under the Texas Tort Claims Act (the "TTCA").[12]

---

[7] Id. at 4.

[8] Complaint, Docket Entry No. 1, p. 4.

[9] Id.

[10] Id.

[11] Id. at 3; Step 1 Grievance, Exhibit A to Complaint, Docket Entry No. 1-1, p. 3.

[12] Complaint, Docket Entry No. 1, p. 4.

## II. Discussion

### A. Claims Under 42 U.S.C. § 1983

Green seeks monetary damages under 42 U.S.C. § 1983. To state a claim under § 1983, "a plaintiff must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law." Turner v. Lieutenant Driver, 848 F.3d 678, 685 (5th Cir. 2017) (citing Atteberry v. Nocona General Hospital, 430 F.3d 245, 252-53 (5th Cir. 2005)). Allegations of negligence are not actionable under 42 U.S.C. § 1983 because they are insufficient to establish a constitutional violation. See Daniels v. Williams, 106 S. Ct. 662, 666 (1986) (explaining that allegations of mere negligence do not implicate the Constitution and are not redressable under 42 U.S.C. § 1983); Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990) (emphasizing that allegations of negligence are simply insufficient to impose liability under 42 U.S.C. § 1983). Accordingly, Green's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim under § 1983.

### B. State Law Claim

Green contends that the defendants are liable for purposes of making a claim under the TTCA,[13] and he asks the court to exercise

---

[13] Id.

its supplemental jurisdiction over his state law negligence claims under 28 U.S.C. § 1367.[14]

Where a court dismisses a party's federal claims, the "general rule" is to dismiss any state law claims without prejudice so that the plaintiff may re-file his claims in the appropriate state court. See Wong v. Stripling, 881 F.2d 200, 203-04 (5th Cir. 1989); see also 28 U.S.C. § 1367(c)(3) ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); Welch v. Thompson, 20 F.3d 636, 644 (5th Cir. 1994) (upholding the dismissal of an inmate's state law claims following the dismissal of his federal claims). The decision to entertain or dismiss a party's state law claims is within the district court's discretion. See Wong, 881 F.2d at 204. Because the Complaint plainly fails to state a federal claim for reasons set forth above, the court elects to follow the general rule and will dismiss Green's state law claims without prejudice.

---

[14] Id. "Federal courts are courts of limited jurisdiction[,]" possessing "only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Insurance Co. of America, 114 S. Ct. 1673, 1675 (1994) (citations omitted). Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction. See 28 U.S.C. § 1332. Green does not satisfy any of the requirements for diversity jurisdiction here because all of the parties are alleged to reside in Texas where the complained of incident occurred, and he does not allege damages in excess of $75,000.00. See Complaint, Docket Entry No. 1, p. 3.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. James Edward Green's Prisoner's Civil Rights Complaint (Docket Entry No. 1) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

2. Any state law claim asserted by Green is **DISMISSED without prejudice** to re-filing that claim in the appropriate state court.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 26th day of February, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE